UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Dale J. Herr, | ) | CASE NO. 1:14 CV 118 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Kristen D. Traxler, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant's Motion to Dismiss (Doc. 33). This case arises out of alleged defamatory statements made by defendant. For the following reasons, the motion is GRANTED.

**Facts**

This matter originated in the United States District Court for the District of Alaska. The case was transferred to this Court based on proper venue. In an Order denying a request to substitute the United States as a party, the District of Alaska set forth the underlying facts:

In January 1997, Plaintiff Dale Herr began work as a Special Agent in the Federal Bureau

1

of Investigation ("FBI") Cleveland Field Office. In 2003, the FBI Office of Professional Responsibility ("OPR") initiated an investigation into Mr. Herr, who it appears had videotaped his sexual encounters with multiple women, including Ms. Traxler. At the time of the investigation, Ms. Traxler was also an employee of the FBI Cleveland Field Office, and she and Mr. Herr were engaged.

On June 9, 2004, the FBI removed Mr. Herr from its rolls for unprofessional conduct. Mr. Herr appealed, and Mr. Herr's case spent the next several years in the appeals process. Ultimately, in November 2010, the Merit Systems Protection Board affirmed a decision by an administrative judge suspending Mr. Herr for 45 days and directing that he be reassigned to another division.

Earlier in 2010, an FBI agent had interviewed Ms. Traxler. It appears this interview took place on April 6, 2010, in preparation for a hearing to assess the appropriate penalty in Mr. Herr's case. In this interview, Ms. Traxler stated, contrary to her statements in 2003, that she never consented to videotaping her sexual encounters with Mr. Herr and that Mr. Herr instructed her to lie to OPR during the 2003 investigation. Mr. Herr now alleges that these statements were defamatory. Shortly after the April 2010 interview, on July 22, 2010, Ms. Traxler voluntarily resigned from her FBI position.

In 2011, the FBI initiated a new internal investigation of Mr. Herr. As part of this investigation, on July 15, 2011 the FBI again interviewed Ms. Traxler. During this interview, Ms. Traxler again stated that Mr. Herr had "instructed and coached" her to provide false information during the 2003 OPR investigation. That same day, Ms. Traxler sent a follow-up e-mail to the FBI investigator assigned to Mr. Herr's case. The e-mail lists 10 statements that Ms. Traxler made during the 2003 OPR investigation, which she asserts were false, "coached" statements. Mr. Herr alleges that Ms. Traxler's statements during the July 2011 interview and her subsequent e-mail were defamatory.

On May 29, 2012, the FBI terminated Mr. Herr's employment, finding that he obstructed the 2003 OPR investigation. Mr. Herr appealed, and the Merit Systems Protection Board reversed his dismissal on December 18, 2012.

Mr. Herr filed his Complaint in this action on May 24, 2013. At the time, he was a resident of Alaska. Ms. Traxler was and still is a resident of Ohio. In the Complaint, Mr. Herr asserts a defamation claim based on Ms. Traxler's July 2011 statements to the FBI.

(Doc. 21 at 2-5)

This matter is now before the Court upon defendant's Motion to Dismiss.

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be

granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc*., 123 F.3d 394, 400 (6th Cir.1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.. *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

### Discussion

The Complaint sets forth one claim for defamation *per se* under Alaska law. However, in

the Order denying the request to substitute parties, the District of Alaska stated, "Because Ms. Traxler's July 2011 interview with the FBI took place in Ohio, this Court applies Ohio state law to determine whether Ms. Traxler was acting with the scope of her employment at that time." (Doc. 21 at 8)

Additionally, where, as here, federal jurisdiction is based on diversity, this Court applies Ohio substantive law to plaintiff's state law claims. *Holbrook v. Louisiana-Pacific Corp.*, 533 Fed.Appx. 493 (6th Ci.r 2013) (citing *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir.2001)).  "A district court, sitting in diversity, must apply the law of the forum state in determining statute of limitations questions." *Swanson v. Wilson*, 423 Fed.Appx. 587 (6th Cir. 2011) (citing *Atl. Richfield Co. v. Monarch Leasing Co.*, 84 F.3d 204, 205 (6th Cir.1996)).

Under Ohio law, "It is not disputed that the applicable statute of limitations for [a] defamation action is one year from the date the cause of action accrued. *See* R.C. 2305.11(A). The date a defamation cause of action accrues is the date of publication." *Reed v. Jagnow*, 2013 WL 3178406 (Ohio App. 7th Cir. June 17, 2013) (citing *Foster v. Wells Fargo Fin. Ohio,* Inc., 195 Ohio App.3d 497 (2011)).

The Complaint alleges that defendant made the alleged defamatory statements during the July 15, 2011 interview and in the email of that same date. This Complaint was not filed until May 24, 2013, more than one year after the statements were made. Accordingly, the Complaint is untimely as barred by the statute of limitations.

Plaintiff contends that the events giving rise to the defamation claim occurred in Alaska, namely, the investigation, suspension, and termination.  Additionally, the "negative effects of this chain of events all occurred in Alaska..."  (Doc. 34 at 2) Regardless, as discussed above, this

Court applies the forum state's statute of limitations.  Plaintiff also asserts that the change of venue should not "automatically and fatally disenfranchise" him and that the matter should be transferred back to Alaska if the Court determines that it cannot proceed here. However, this is not a basis for determining venue and the Alaskan District Court has already determined that venue was proper in this Court.

**Conclusion**

For the foregoing reasons, defendant's Motion to Dismiss is granted.

IT IS SO ORDERED.

       /s/ Patricia A. Gaughan
      PATRICIA A. GAUGHAN
      United States District Judge

Dated: 6/9/14